Ira L. Milburn, *Appellant*, v. A. R. Beaty, *Appellee.*
No. 16,312.
SYLLABUS BY THE COURT.

Tax Deeds—*Construction—Consideration for Assignment of Certificate.* A tax deed over five years old will not be held void because in undertaking to state the amount for which the tax-sale certificate was assigned it names the sum for which the original sale was made, where it can be ascertained from a liberal construction of other recitals that the assignment was in fact made for a larger amount, equal to the cost of redemption.

Appeal from Morton district court; William H. Thompson, judge. Opinion denying a petition for a rehearing, filed March 19, 1910. (For original opinion, see *Milburn v. Beaty,* 81 Kan. 696.)

*George D. Rathbun,* for the appellant.

*T. W. Marshall, William Easton Hutchison,* and *C. E. Vance,* for the appellee.

The opinion of the court was delivered by

Mason, J.: In a petition for a rehearing the appellant urges that the court has apparently failed to give sufficient consideration to his principal objection to the tax deed here involved, namely, that it shows that the tax-sale certificate was assigned for less than the amount requisite for redemption at the time. It is true that the deed contains a formal recital that the tax-sale certificate was assigned for $16.17 upon each tract, and this was much less than the amount required to redeem. The deed recites that the assignment was made for a sum equal to the cost of redemption, but in stating the amount in dollars and cents it repeats the figures that had already been given as the original selling price. It also states that subsequent taxes were paid by the purchaser in various amounts, whereas, the certificate and deed having been issued on the same

·day, there could have been no subsequent taxes. As the recital regarding subsequent taxes can not be liter-.ally true, we interpret it to mean that the charges ac-·cruing on account of the taxes for the years named were included in the amount paid by the purchaser for the ·certificate. We conclude, therefore, that while the deed *recites* that the certificate was assigned for $16.17 on ·each tract, it *shows*, when considered as a whole and liberally construed, that in fact the amount paid for the :assignment was that stated as the consideration of the deed, or $78.97 on each tract. In the original opinion .a method of computation was suggested by which the amounts stated nominally as subsequent taxes could be reconciled with the total consideration. As these .amounts were volunteered, and their precise derivation is not clear, they may be presumed to have been arrived at in any way that will support the deed.

The petition for a.rehearing is denied.